### GODELL v. WELLS & FRENCH CO.

(Circuit Court, N. D. Illinois. September 16, 1895.)

1. PATENTS—ASSUMPSIT FOR ROYALTIES—DEFENSES.
   In an action of assumpsit, on an agreement to pay royalties under a patent, the question is in reference to the existence of the agreement, and the defendant cannot attack the validity of the patent.

2. SAME—NOTICE OF SPECIAL DEFENSES.
   A notice of special defenses, under section 4920, Rev. St., is improper in an action of assumpsit on an agreement to pay royalties.

Assumpsit by Henry C. Godell against the Wells & French Company on an agreement to pay royalties under a patent. Pleas: General issue; special pleas attacking validity of patent (1) for want of invention, and (2) because anticipated in the prior art; and notice of special defenses, under section 4920, Rev. St. Demurrer to special pleas, and motion to strike notice from the files.

Banning & Banning, for plaintiff.

Bond, Adams, Pickard & Jackson, for defendant.

SHOWALTER, Circuit Judge. The declaration is on an agreement whereby the defendant was to pay royalties to the plaintiff. Assuming such an agreement, defendant cannot attack the patent. If there were no such agreement, either express or implied, plaintiff cannot recover. Therefore the pleas are bad. Each of the two pleas in question goes to all the counts,—the special count and the common counts,—and nonassumpsit is also pleaded to the entire declaration. Therefore, no question arises on this demurrer touching the sufficiency of the first count. A demurrer to a special plea cannot be carried back to a defective count, when the general issue or some other good plea is also pleaded to said count; nor, where the special plea goes to all the counts, can a demurrer to such plea be

carried back to one count which is defective, the others being good. In the former case, the good plea waives a demurrer to the count; in the latter, the demurrer, if carried back, would go to the entire declaration, and, since some of the counts are good, would of course be overruled.

A notice of defense, under the statute, is not good here, on my ruling that the declaration is in assumpsit, and not in case; on an agreement to pay royalties, and not for an infringement. The question whether there was a consideration for the promise alleged, or any other question that may be made on the first count of the declaration, is not before the court on this demurrer.